<span style="color:red">Exhibit A</span>

| | | |
|---|---|---|
| JANE DOE, By and Through JEANNE LUND as Attorney in Fact | * | IN THE |
| c/o SBWD Law | * | |
| 300 East Lombard Street, Suite 1100 | * | CIRCUIT COURT |
| Baltimore, Maryland 21202 | * | |
| | * | FOR |
| *Plaintiff* | * | |
| | * | PRINCE GEORGE'S COUNTY |
| | * | |
| v. | * | CASE NO.: |
| | * | |
| INDEPENDENCE COURT OF | * | |
| HYATTSVILLE, LP | * | |
| 5821 Queens Chapel Road | * | |
| Hyattsville, Maryland 20782 | * | |
| | * | |
| Serve on Resident Agent: | * | |
| CSC-Lawyers Incorporating Service Co. | * | |
| 7 St. Paul Street, Suite 820 | * | |
| Baltimore, Maryland 21202 | * | |
| | * | |
| and | * | |
| | * | |
| PRIORITY LIFE CARE, LLC | * | |
| 1102 Chestnut Hills Parkway, Suite 100 | * | |
| Fort Wayne, Indiana 46814 | * | |
| | * | |
| Serve on Resident Agent: | * | |
| The Corporation Trust Incorporated | * | |
| 2405 York Road, Suite 201 | * | |
| Lutherville-Timonium, Maryland 21093 | * | |
| | * | |
| *Defendants* | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jane Doe, By and Through Jeanne Lund as Attorney in Fact, by and through her attorneys, Michael J. Belsky, Sarah L. Smith, and Schlachman, Belsky, Weiner & Davey, P.A., hereby sues Defendants Independence Court of Hyattsville, LP and Priority Life Care, LLC, and in support thereof states as follows:

PARTIES, VENUE, AND JURISDICTION

1.      Plaintiff Jane Doe (hereinafter referred to as "Plaintiff"), is, and was at all times relevant to this action, a resident of Prince George's County, Maryland.

2.      Defendant Independence Court of Hyattsville, LP (hereinafter referred to as "Defendant Independence Court") is, and was at all times relevant to this action, a duly authorized and recognized limited partnership operating under Maryland law.

3.      Defendant Priority Life Care, LLC (hereinafter referred to as "Defendant Priority Life Care") is, and was at all times relevant to this action, a duly authorized and recognized limited liability company operating under Maryland law.

4.      Personal jurisdiction over Defendants in this Court is proper pursuant to Section 6-102(a) of the Courts and Judicial Proceedings Article of the Maryland Code as Defendants, business entities, are organized and operating under Maryland law.

5.      Subject matter jurisdiction in this Court is provided by Section 1-501 of the Courts and Judicial Proceedings Article of the Maryland Code as the counts and violations of law alleged herein fall within the Court's full common-law and equity powers with no conflicting law limiting the Court's jurisdiction.

6.      Venue is proper in this Court as provided by Section 6-202(8) of the Courts and Judicial Proceedings Article of the Maryland Code as the incident described herein occurred in Prince George's County, Maryland.

STATEMENT OF FACTS

7.      Plaintiff is a ninety-two (92) year old woman with Alzheimer's. At all relevant times, Plaintiff resided in an assisted living facility known as Independence Court of Hyattsville, located at 5821 Queens Chapel Road, Hyattsville, Maryland (hereinafter referred to as "the facility").

8.      Upon information and belief, the facility is owned by Defendant Independence Court.

9.      Upon information and belief, the facility is managed and/or operated by Defendant Priority Life Care.

10.     Plaintiff moved into the facility in December 2022 following a need for increased care due to her Alzheimer's diagnosis.  Plaintiff moved out of the facility in October 2024.

11.     At all relevant times, Plaintiff required assistance to transfer from the bed or chair as well as to move in bed. Plaintiff's pertinent medical history includes two (2) prior hip replacements and incontinence requiring diapers. Plaintiff was unable to use the bathroom without assistance, nor was she able to remove her diaper or clothing without assistance.

12.     On September 17, 2024, at or around 8:30 p.m. or 9:00 p.m., Certified Medical Technician, Loreine Gayoates (hereinafter referred to as "Ms. Gayoates"), an employee and/or agent of Defendants, observed an unidentified male suspect wearing a black mask and a gray and black jacket, peer out of Plaintiff's room.

13.     Ms. Gayoates contacted the Hyattsville Police Department, who in turn dispatched Officer Christopher Salzano (hereinafter referred to as "Officer Salzano") to the scene.

14.     Upon arrival, Officer Salzano observed Plaintiff lying face down on her bed with blankets covering her while she repeatedly yelled, "get him off of me!" He also observed that Plaintiff's bed was no longer pushed up against the wall, appearing to have been moved off-center.

15.     Officer Salzano further observed that Plaintiff's sweatpants and adult diaper had been completely removed from her body, exposing her genitalia.

16.     Plaintiff stated that her hips hurt and continued to yell, urging Officer Salzano to "take him off."

17.     Ms. Gayoates also noted there was an unusual amount of toilet paper in Plaintiff's bathroom toilet. Ms. Gayoates informed Office Salzano that Plaintiff could not use the toilet without assistance and the toilet was empty the last time Ms. Gayoates checked.

18.     Upon information and belief, the unidentified male suspect seen by Ms. Gayoates had pulled down Plaintiff's pants and diaper and physically and sexually assaulted and/or raped her while in bed based on the following facts and information: Plaintiff required assistance to move in bed; Plaintiff was not able to move her bed away from the wall; Plaintiff was not able to use the bathroom independently; and Plaintiff was not able to remove her clothes independently. Furthermore, Plaintiff was heard yelling for the assailant to get off her.

19.     Officer Salzano was unable to locate the unidentified male suspect on the premises.

20.     Plaintiff was transported by ambulance to University of Maryland Capital Region at approximately 9:50 p.m., arriving in the Emergency Department at approximately 10:12 p.m. The chief complaint is described as sexual assault and left hip pain. Plaintiff was oriented only to self and was unable to provide additional information regarding her assault.

21.     Plaintiff underwent a Sexual Assault Forensic Examination ("SAFE") and X-rays of her left hip were obtained. No fractures were noted, and Plaintiff was discharged to the facility at approximately 4:00 a.m. on September 18, 2024. Upon information and belief, a DNA sample of the unidentified male suspect was also obtained.

22.     Upon information and belief, visitors were not permitted in the facility after 8:00 p.m.

23.     Upon information and belief, when the unidentified male suspect saw Ms. Gayoates, he ran into the facility's kitchen and out of the building through an exterior door in the kitchen, which, based on information and belief, should have been secured.

4

24.     Upon information and belief, exterior and interior doors in the facility were not properly secured.

25.     Defendants knew or should have known there was a substantial and foreseeable risk of harm to individuals at the facility. Defendants failed to maintain sufficient security measures to prevent and/or deter foreseeable harm to individuals at the facility.

26.     As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff was caused to suffer, and continues to suffer, significant physical and emotional injuries, as well as economic and non-economic damages.

<u>COUNT I – NEGLIGENCE (PREMISES LIABILITY)</u>
<u>*Plaintiff v. Defendant Independence Court*</u>

Plaintiff Jane Doe, By and Through Jeanne Lund as Attorney in Fact, by and through her attorneys, Michael J. Belsky, Sarah L. Smith, and Schlachman, Belsky, Weiner & Davey, P.A., hereby sues Defendant Independence Court for negligence and incorporates paragraphs 1 through 26 above as if fully set forth herein and further states as follows:

27.     Defendant Independence Court and/or its actual and/or apparent agents, servants, and/or employees owed Plaintiff a duty of care commensurate with the law as an invitee and/or tenant at the facility including, but not limited to, a duty to use reasonable and ordinary care to keep its premises safe and protect her from foreseeable harm and/or ensuring her safety.

28.     At the time of the incidents alleged herein, the acts and/or omissions of the actual and/or apparent agents, servants, and/or employees were conducted as part and in furtherance of Defendant Independence Court's business of operating an assisted living facility.

29.     Upon information and belief, prior to and during the incident alleged herein, as outlined above, Defendant Independence Court had actual and/or constructive knowledge and/or notice that:

a. The facility was not safe or secure due to inadequate, deteriorated and/or faulty security devices, equipment and/or mechanisms on exterior and interior doors;

b. The facility was not safe or secure due to inadequate security staff at the facility, particularly during evening hours;

c. The facility was not safe or secure due to inadequate policies and/or procedures regarding visitors at the facility;

d. The facility was not safe or secure due to inadequate nursing and/or support staff; and

e. Its residents, including Plaintiff, were not properly protected from harm.

Upon information and belief, Defendant Independence Court had actual and/or constructive that the conditions listed above constituted dangerous conditions at the facility.

30. Upon information and belief, prior to and during the incident alleged herein, as outlined above, Defendant Independence Court had actual and/or constructive knowledge and/or notice that the above described dangerous conditions at the facility contributed to criminal activity at the facility.

31. Defendant Independence Court breached the duty of care it owed to Plaintiff, an invitee and/or tenant at the facility, to adequately prevent, mitigate, and/or eliminate conditions that contributed to criminal activity, of which Defendant Independence Court had prior knowledge as stated above, by the following acts or omissions, including, but not limited to:

a. Failing to maintain reasonable security measures to protect residents, including Plaintiff, residing within the facility;

b. Failing to protect Plaintiff from reasonably foreseeable dangerous conditions, including, but not limited to, unauthorized intruders entering through inadequately secured exterior doors of which Defendant Independence Court had actual and/or constructive knowledge and/or notice;

c. Failing to protect Plaintiff from reasonably foreseeable dangerous conditions, including, but not limited to, unauthorized intruders entering through inadequately secured interior doors, including the door to Plaintiff's room, of which Defendant Independence Court had actual and/or constructive knowledge and/or notice;

d. Failing to use reasonable care in maintaining, updating, implementing, and/or increasing security measures despite knowledge and/or notice of the unsecure premises of which Defendant Independence Court had actual and/or constructive knowledge and/or notice;

e. Failing to exercise reasonable care to properly protect the residents, including Plaintiff, from harm on the evening of the incident;

f. Failing to have adequate staff on the premises, including but not limited to, security personnel, on the evening of the incident; and

g. Acting otherwise careless, reckless, and/or negligent.

32. As a direct and proximate result of Defendant Independence Court's negligent actions and/or omissions, Plaintiff was caused to sustain severe injuries, including, but not limited to, sexual assault and significant pain in her left hip.

33. As a direct and proximate result of Defendant Independence Court's negligent actions and/or omissions, Plaintiff was caused to endure severe psychological torment, including, but not limited to, being sexually assaulted while crying and pleading for help. As a direct and proximate result of Defendant Independence Court's negligent acts and/or omissions, Plaintiff continues, will continue, to suffer from psychological and mental health injuries related to this incident.

34. As a direct and proximate result of Defendant Independence Court's negligent actions and/or omissions, Plaintiff was caused to pay, or became obligated to pay, great sums of money for the care and treatment of her injuries, and she will continue to incur such expenses from time to time in the future.

35. As a direct and proximate result of Defendant Independence Court's negligent actions and/or omissions, Plaintiff was prevented from engaging fully and to the same extent prior to this incident, in her daily activities and pursuits.

36.     All of Plaintiff's injuries were a direct and proximate result of the negligence of Defendant Independence Court without any negligence, contribution, or assumption of risk, or want of due care, on the part of Plaintiff.

WHEREFORE, Plaintiff, by and through her attorneys, Michael J. Belsky, Sarah L. Smith, and Schlachman, Belsky, Weiner & Davey, P.A., demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages

COUNT II – NEGLIGENCE (PREMISES LIABILITY)
*Plaintiff v. Defendant Priority Life Care*

Plaintiff Jane Doe, By and Through Jeanne Lund as Attorney in Fact, by and through her attorneys, Michael J. Belsky, Sarah L. Smith, and Schlachman, Belsky, Weiner & Davey, P.A., hereby sues Defendant Priority Life Care for negligence and incorporates paragraphs 1 through 36 above as if fully set forth herein and further states as follows:

37.     Defendant Priority Life Care and/or its actual and/or apparent agents, servants, and/or employees owed Plaintiff a duty of care commensurate with the law as an invitee and/or tenant at the facility including, but not limited to, a duty to use reasonable and ordinary care to keep its premises safe and protect her from foreseeable harm and/or ensuring her safety.

38.     At the time of the incidents alleged herein, the acts and/or omissions of the actual and/or apparent agents, servants, and/or employees were conducted as part and in furtherance of Defendant Priority Life Care's business of operating an assisted living facility.

39.     Upon information and belief, prior to and during the incident alleged herein, as outlined above, Defendant Priority Life Care had actual and/or constructive knowledge and/or notice that:

   a. The facility was not safe or secure due to inadequate, deteriorated and/or faulty
      security devices, equipment and/or mechanisms on exterior and interior doors;

8

b. The facility was not safe or secure due to inadequate security staff at the facility, particularly during evening hours;

c. The facility was not safe or secure due to inadequate policies and/or procedures regarding visitors at the facility;

d. The facility was not safe or secure due to inadequate nursing and/or support staff; and

e. Its residents, including Plaintiff, were not properly protected from harm.

Upon information and belief, Defendant Priority Life Care had actual and/or constructive that the conditions listed above constituted dangerous conditions at the facility.

40.    Upon information and belief, prior to and during the incident alleged herein, as outlined above, Defendant Priority Life Care had actual and/or constructive knowledge and/or notice that the above described dangerous conditions at the facility contributed to criminal activity at the facility.

41.    Defendant Priority Life Care breached the duty of care it owed to Plaintiff, an invitee and/or tenant at the facility, to adequately prevent, mitigate, and/or eliminate conditions that contributed to criminal activity, of which Defendant Priority Life Care had prior knowledge as stated above, by the following acts or omissions, including, but not limited to:

h. Failing to maintain reasonable security measures to protect residents, including Plaintiff, residing within the facility;

i. Failing to protect Plaintiff from reasonably foreseeable dangerous conditions, including, but not limited to, unauthorized intruders entering through inadequately secured exterior doors of which Defendant Independence Court had actual and/or constructive knowledge and/or notice;

j. Failing to protect Plaintiff from reasonably foreseeable dangerous conditions, including, but not limited to, unauthorized intruders entering through inadequately secured interior doors, including the door to Plaintiff's room, of which Defendant Independence Court had actual and/or constructive knowledge and/or notice;

k. Failing to use reasonable care in maintaining, updating, implementing, and/or increasing security measures despite knowledge and/or notice of the unsecure

9

premises of which Defendant Independence Court had actual and/or constructive knowledge and/or notice;

l.  Failing to exercise reasonable care to properly protect the residents, including Plaintiff, from harm on the evening of the incident;

m.  Failing to have adequate staff on the premises, including but not limited to, security personnel, on the evening of the incident; and

n.  Acting otherwise careless, reckless, and/or negligent.

42.    As a direct and proximate result of Defendant Priority Life Care's negligent actions and/or omissions, Plaintiff was caused to sustain severe injuries, including, but not limited to, sexual assault and significant pain in her left hip.

43.    As a direct and proximate result of Defendant Priority Life Care's negligent actions and/or omissions, Plaintiff was caused to endure severe psychological torment, including, but not limited to, being sexually assaulted while crying and pleading for help. As a direct and proximate result of Defendant Priority Life Care's negligent acts and/or omissions, Plaintiff continues, will continue, to suffer from psychological and mental health injuries related to this incident.

44.    As a direct and proximate result of Defendant Priority Life Care's negligent actions and/or omissions, Plaintiff was caused to pay, or became obligated to pay, great sums of money for the care and treatment of her injuries, and she will continue to incur such expenses from time to time in the future.

45.    As a direct and proximate result of Defendant Priority Life Care's negligent actions and/or omissions, Plaintiff was prevented from engaging fully and to the same extent prior to this incident, in her daily activities and pursuits.

46.    All of Plaintiff's injuries were a direct and proximate result of the negligence of Defendant Priority Life Care without any negligence, contribution, or assumption of risk, or want of due care, on the part of Plaintiff.

WHEREFORE, Plaintiff, by and through her attorneys, Michael J. Belsky, Sarah L. Smith, and Schlachman, Belsky, Weiner & Davey, P.A., demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages.

COUNT III – *RESPONDEAT SUPERIOR* (VICARIOUS LIABILITY)
*Jane Doe v. Defendant Independence Court*

Plaintiff Jane Doe, By and Through Jeanne Lund as Attorney in Fact, by and through her attorneys, Michael J. Belsky, Sarah L. Smith, and Schlachman, Belsky, Weiner & Davey, P.A., hereby sues Defendant Independence Court in an action under the doctrine of vicarious liability/*respondeat superior*, and incorporates paragraphs 1 through 46 above as if fully set forth herein and further states as follows:

47.     At all times relevant hereto, Defendant Independence Court regularly engaged in business in Prince George's County Maryland; specifically, the business of ownership, managing, acquiring, and/or leasing real property.

48.     At all times relevant hereto, upon information and belief, Defendant Independence Court employed actual and/or apparent agents, servants, and/or employees, including, but not limited to, its own agents, Defendant Priority Life Care, and tasked same with monitoring, managing and/or leasing the property, and/or providing security services for the property. While engaged in monitoring, managing, and/or providing security services for the property, Defendant Independence Court's actual and/or apparent agents, servants and/or employees were acting within the scope of their actual and/or apparent employment and/or agency.

49.     At the time of the incidents alleged herein, Defendant Independence Court's actual and/or apparent agents, servants and/or employees owed Plaintiff a duty of care commensurate with the law, including, but not limited to, the duty to maintain sufficient security measures to

11

prevent and/or deter foreseeable harm to individuals on the premises that would enhance the likelihood of harm to those individuals.

50.     Defendant Independence Court's actual and/or apparent, agents, servants and/or employees breached this duty owed to Plaintiff, in the manner outlined *supra*, and were careless, reckless, and/or negligent in their acts and/or omissions.

51.     As a direct and proximate result of the negligent actions and/or omissions of Defendant Independence Court's actual and/or apparent agents, servants and/or employees that were performed in the scope of their respective employment, contractual and/or agency relationship, Plaintiff was caused to sustain severe injuries, including, but not limited to, sexual assault and significant pain in her left hip, and to endure severe psychological torment, including, but not limited to, being sexually assaulted while crying and pleading for help. As a direct and proximate result of Defendant Independence Court's negligent acts and/or omissions, Plaintiff continues, will continue, to suffer from psychological and mental health injuries related to this incident.

52.     As a direct and proximate result of the negligent actions and/or omissions of Defendant Independence Court's actual and/or apparent agents, servants and/or employees that were performed in the scope of their respective employment, contractual and/or agency relationship, Plaintiff was caused to pay, or became obligated to pay, great sums of money for the care and treatment of her injuries, and she will continue to incur such expenses from time to time in the future.

53.     As a direct and proximate result of the negligent actions and/or omissions of Defendant Independence Court's actual and/or apparent agents, servants and/or employees that were performed in the scope of their respective employment, contractual and/or agency

relationship, Plaintiff was prevented from engaging fully and to the same extent prior to this incident, in her daily activities and pursuits.

54.     All of Plaintiff's injuries were a direct and proximate result of the negligence of Defendant Priority Life Care without any negligence, contribution, or assumption of risk, or want of due care, on the part of Plaintiff.

WHEREFORE, Plaintiff, by and through her attorneys, Michael J. Belsky, Sarah L. Smith, and Schlachman, Belsky, Weiner & Davey, P.A., demands judgment against Defendants, jointly and severally in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages.

COUNT IV – *RESPONDEAT SUPERIOR* (VICARIOUS LIABILITY)
*Jane Doe v. Defendant Priority Life Care*

Plaintiff Jane Doe, By and Through Jeanne Lund as Attorney in Fact, by and through her attorneys, Michael J. Belsky, Sarah L. Smith, and Schlachman, Belsky, Weiner & Davey, P.A., hereby sues Defendant Priority Life Care in an action under the doctrine of vicarious liability/*respondeat superior*, and incorporates paragraphs 1 through 54 above as if fully set forth herein and further states as follows:

55.     At all times relevant hereto, Defendant Priority Life Care regularly engaged in business in Prince George's County Maryland; specifically, the business of ownership, managing, acquiring, and/or leasing real property.

56.     At all times relevant hereto, upon information and belief, Defendant Priority Life Care employed actual and/or apparent agents, servants, and/or employees, including, but not limited to, its own agents, Defendant Independence Court, and tasked same with monitoring, managing and/or leasing the property, and/or providing security services for the property. While engaged in monitoring, managing, and/or providing security services for the property, Defendant

Priority Life Care's actual and/or apparent agents, servants and/or employees were acting within the scope of their actual and/or apparent employment and/or agency.

57.    At the time of the incidents alleged herein, Defendant Priority Life Care's actual and/or apparent agents, servants and/or employees owed Plaintiff a duty of care commensurate with the law, including, but not limited to, the duty to maintain sufficient security measures to prevent and/or deter foreseeable harm to individuals on the premises that would enhance the likelihood of harm to those individuals.

58.    Defendant Priority Life Care's actual and/or apparent, agents, servants and/or employees breached this duty owed to Plaintiff, in the manner outlined *supra*, and were careless, reckless, and/or negligent in their acts and/or omissions.

59.    As a direct and proximate result of the negligent actions and/or omissions of Defendant Priority Life Care's actual and/or apparent agents, servants and/or employees that were performed in the scope of their respective employment, contractual and/or agency relationship, Plaintiff was caused to sustain severe injuries, including, but not limited to, sexual assault and significant pain in her left hip, and to endure severe psychological torment, including, but not limited to, being sexually assaulted while crying and pleading for help. As a direct and proximate result of Defendant Priority Life Care's negligent acts and/or omissions, Plaintiff continues, will continue, to suffer from psychological and mental health injuries related to this incident.

60.    As a direct and proximate result of the negligent actions and/or omissions of Defendant Priority Life Care's actual and/or apparent agents, servants and/or employees that were performed in the scope of their respective employment, contractual and/or agency relationship, Plaintiff was caused to pay, or became obligated to pay, great sums of money for the care and

treatment of her injuries, and she will continue to incur such expenses from time to time in the future.

61.    As a direct and proximate result of the negligent actions and/or omissions of Defendant Priority Life Care's actual and/or apparent agents, servants and/or employees that were performed in the scope of their respective employment, contractual and/or agency relationship, Plaintiff was prevented from engaging fully and to the same extent prior to this incident, in her daily activities and pursuits.

62.    All of Plaintiff's injuries were a direct and proximate result of the negligence of Defendant Priority Life Care without any negligence, contribution, or assumption of risk, or want of due care, on the part of Plaintiff

WHEREFORE, Plaintiff, by and through her attorneys, Michael J. Belsky, Sarah L. Smith, and Schlachman, Belsky, Weiner & Davey, P.A., demands judgment against Defendants, jointly and severally in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages.

Respectfully Submitted,


  /s/  Michael J. Belsky
Michael J. Belsky, Esq. (CPF# 9512120047)
Sarah L. Smith, Esq. (CPF# 1112150147)
Schlachman, Belsky, Weiner & Davey, P.A.
300 East Lombard Street, Suite 1100
Baltimore, Maryland 21202
P: 410-685-2022
F: 410-783-4771
mbelsky@sbwdlaw.com
ssmith@sbwdlaw.com
*Attorneys for Plaintiff*